The Honorable Shirley Walters State Representative P.O. Box 1876 Greenwood, AR 72938-1876
Dear Representative Walters:
I am writing in response to your request for my opinion on the following question:
 The Waldron School District must soon hold their annual School Election which includes a recurring millage issue which is unchanged from last year. They would like to conduct the annual election by "absentee and early voting only" if possible. Does the recurring millage issue prohibit the district from conducting the election by "absentee and early voting only" if all other requirements of A.C.A. § 6-14-102 are met?
RESPONSE
In my opinion, the answer to this question is "yes."
Subsection 6-14-102(c)(2) of the Arkansas Code (Supp. 2003) provides:
 The county board of election commissioners may provide that no polling places be open on election day so that the election can be conducted by absentee ballot and early voting only, if no more than one (1) candidate for school district director presents a petition or notice in writing to the county board of election commissioners as required by § 6-14-111, and if there are no other ballot issues to be submitted to district electors for consideration, if requested by resolution adopted by the board of directors of any school district.
(Emphasis added.) This statute is unambiguous in setting forth two conditions for conducting a school election by absentee ballot and early voting: (1) that no more than one individual has presented to the county board of election commissioners a petition supporting his candidacy or else has provided timely notice of his write-in candidacy; and (2) that no other ballot issues will be submitted to the electors. As you have posed your question, I must assume that the first of these conditions has been met. However, the second has not. You indicate that the voters will be faced with an unspecified, "recurring millage issue which is unchanged from last year." The fact that the voters have apparently been faced with this issue before does not render it anything other than a "ballot issue to be submitted to district electors for consideration" — a condition that A.C.A. § 6-14-102(c)(2) expressly declares will preclude conducting the election exclusively by absentee ballot and early voting.
I should note that the second condition set forth in A.C.A. §6-14-102(c)(2) can be met only if a school district proposes no millage in excess of the 25-mill uniform rate of tax for maintenance and operation of the schools. As I pointed out in Ark. Op. Att'y Gen. No.2003-031, the voters levied the uniform rate of tax in adopting Ark. Const. amend. 74(b)(1), and it is consequently unnecessary for the voters to approve this tax at the annual school elections. See A.C.A. §6-14-114(4)(D), as amended by Acts 2003, No. 105, § 3 (2nd Ex. Sess.) (providing that election officials must report "[t]he total millage rate levied for all purposes in the school district in excess of the uniform rate of tax"). Given that the uniform rate of tax is a state tax that the voters have levied as a matter of constitutional law, it would conversely be of no effect for the voters to purport to disapprove the tax in a local annual school election. However, any proposed millage over and above the uniform rate of tax must be submitted to the voters at the annual school election referenced in Ark. Const. art. 14, § 3. As one of my predecessors noted in Ark. Op. Att'y Gen. No. 96-380:
 [I]n my opinion, the annual school election requirement may only be dispensed with in those districts which choose to levy only the uniform minimum millage rate (25 mills) and which do not seek to levy any additional annual tax rate for maintenance and operation. In my opinion newly enacted Amendment 1 does not do away with the necessity of submitting any additional annual proposed rate of tax for the "maintenance and operation of schools and the retirement of indebtedness" to the voters each year.
As my predecessor further observed with respect to the application of Amendment 74:
 [S]chool districts are "authorized" to levy an annual tax or millage in addition to the uniform rate, but are not required to do so. It appears, at the least, that a district levying only the uniform minimum millage rate of twenty-five mills is under no obligation to annually submit to the electors the uniform rate of tax, or any amount in addition to the minimum amount. In those school districts, at least, an annual school election for taxation purposes is not required by the new language of article 14, § 3.
 The new language, however, also retains the reference to any additional tax levy as an "annual tax." If any additional tax is levied in the district, therefore, it is levied for only one year, and the constitution still requires a new levy to be presented to the voters for approval or disapproval the following year. It is true that if the voters of a district disapprove a newly submitted levy, the rate to be collected is the rate levied at the preceding school election. As with the former language, however, it appears that the formality of submitting even the same rate as the preceding year must be observed in order for it to be retained. If no rate is proposed to the voters at all, and no annual school election is held, the school district would have proposed no annual tax in addition to the uniform rate, and the millage rate would, by virtue of Amendment 1, be only twenty-five mills.
I assume that the "recurring millage issue" referenced in your request involves a millage over and above the uniform rate of tax, which cannot be at issue because it is constitutionally mandated as applying on an annual basis. Extrapolating from my predecessor's opinion, I believe the fact that this issue is "unchanged from last year" does not obviate the need to conduct an annual election, since the millage is an annual tax.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh